UNITED STATES DISTRICT COURT DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         PLAINTIFF, | )<br>)<br>) |
| VS. | )<br>) |
| MICHELLE MEDINA,<br>         DEFENDANT. | )<br>)<br>)<br>) |

1:17-cr-00432-PAB

## PLEA AGREEMENT

The United States of America (the government), by and through Kathleen M. Barry and Benjamin J. Weir, Trial Attorneys, Tax Division, U.S. Department of Justice, and the Defendant, Michelle Medina, personally and by counsel, Amanda B. Cruser, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

The defendant agrees to plead guilty to count one of the Information charging a violation of 26 U.S.C. § 7201, evasion of assessment of federal personal income taxes.

In exchange for the Defendant's guilty plea, the United States agrees not to initiate or prosecute any additional criminal charges against the Defendant based on the factual basis outlined herein, relating to calendar years 2008 through 2011.

The Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

Should the Defendant breach this Plea Agreement at any time, or if the guilty plea entered pursuant to this Plea Agreement is set aside for any reason, the United States will be free

1

Court's Exhibit 1

to initiate or prosecute any additional criminal charges against the Defendant based on the information now known to the United States related to the items discussed above.

Nothing in this agreement shields the Defendant from prosecution for other crimes and the United States is free to prosecute the Defendant for perjury or the giving of a material false statement to a federal agent in the event that the Defendant commits such an offense after the Defendant signs this Plea Agreement. Should the Defendant commit perjury or give a material false statement to a federal agent, the United States, in its sole discretion, will be free to prosecute the Defendant for that offense, move to set aside this Plea Agreement, or be relieved of its obligations under this Plea Agreement.

In accordance with Fed. R. Crim. P. 11(c)(1)(A) and (B), the parties have agreed as follows:

1. Defendant will plead guilty to one count of 26 U.S.C. § 7201 as alleged in Count one of the Information filed with this Court;

2. The parties agree that the applicable tax loss stemming from the defendant's individual and RHHS's corporate income tax is more than $550,000.00 and less than $1,500,000.00. The parties agree that the individual and corporate tax liabilities are the sole responsibility of the defendant. The government's position is that the tax loss amount is $901,885.49. The parties agree that the applicable tax loss range places the defendant in a base offense level of 20 under § 2T4.1(H). The defendant has the right to challenge the tax loss figure if the parties do not reach an agreement as to tax loss prior to sentencing. The defendant may request a hearing in order for the Court to determine an appropriate tax loss, in the range of $550,000.00 to $1,500,000.00.

> The parties further agree that Defendant is entitled to a two-point reduction for acceptance of responsibility under § 3E1.1(a) and that the United States will move for a further one-point reduction for early notification of intent to plead guilty under § 3E1.1(b).

3. In exchange for the United States' concessions in this Plea Agreement, Defendant waives, to the full extent of the law, any right to appeal the conviction.

4. Defendant waives, to the full extent of the law, any right to appeal the sentence, including any restitution order up to the amount of $901,885.49, unless the Court imposes a custodial sentence above the high end of the guideline range. The $901,885.49 figure is the government's tax loss figure. If the custodial sentence is greater than the high end of that range, Defendant may appeal the sentence only, but the United States will be free to support on appeal the sentence actually imposed.

5. Defendant waives, to the full extent of the law, any right to collaterally attack the conviction and/or sentence, except for a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

6. Defendant agrees to pay restitution to the Internal Revenue Service in the amount ordered by the Court or agreed to by the parties pre-sentencing which shall fall within the range of $550,000.00 to $901,885.49, pursuant to 18 U.S.C. § 3663(a)(3). Defendant understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives

payment in full. The government will provide an updated interest figure at sentencing. This figure also does not include any penalty, which the IRS may assess.

7. Defendant agrees that the total amount of restitution reflected in this agreement results from her fraudulent conduct.

8. It is the position of the United States that the total amount of restitution consists of the following amounts separated as individual income tax, Form 1040, and corporate income tax, Form 1120:

| Form 1040 Tax Year | Amount to be Credited to Tax |
|---|---|
| 2008 | $233,273.00 |
| 2009 | $154,580.00 |
| 2010 | $35,909.00 |
| 2011 | $72,091.00 |
| TOTAL | $495,853.00 |

| Form 1120 Tax Year | Amount to be Credited to Tax |
|---|---|
| 2008 | $206,403.69 |
| 2009 | $150,903.26 |
| 2010 | $179.40 |
| 2011 | $48,546.49 |
| TOTAL | $406,032.49 |

9. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

4

10. Defendant agrees that the IRS will use the amount of the restitution order as the basis for a civil assessment under 26 U.S.C. §6201(a)(4).  Defendant does not have the right to challenge the amount of this restitution-based assessment.  *See* 26 U.S.C. §6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

11. Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.  Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability.  Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

12. Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received and processed by the IRS.

13. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS

(including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

14. If Defendant makes a payment of the restitution agreed to in paragraph 9 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 9.

15. Defendant agrees to the following regarding her restitution payments:

    a. The payments will be sent to:

       IRS-RACS
       Attn: Mail Stop 6261, Restitution
       333 W. Pershing Avenue
       Kansas City, MO 64108

    b. With each payment to the IRS, Defendant will provide the following information:

       - Defendant's name and Social Security number and for the corporate income tax payments also RHHS, Inc.'s EIN;
       - The District Court and the docket number assigned to the case;
       - Tax year(s) or period(s) for which restitution has been ordered;
       - A statement that the payment is being submitted pursuant to the District Court's restitution order.

    c. Defendant agrees to send to the Clerk of Court of the District and to the U.S. Attorney's Office Financial Litigation Unit notice of payments sent directly to the IRS at the following address: U.S. Attorney's Office, Office of Financial Litigation United, 1801 California Street, Suite 1600, Denver, CO 80202.

    d.  A failure to send payments to the specific IRS address set forth above, or a failure to include all of the information listed above in paragraph, may result in the IRS applying the payment in the best interest of the United States, including application to taxes or periods other than those identified in paragraph 9 above.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of a Section 7201 offense to which this plea is being tendered and the government must prove that the defendant: (1) owed substantial income tax in addition to the tax liability which she reported on her 2008 income tax return; (2) intended to evade and defeat the assessment of that additional tax; (3) committed an affirmative act in furtherance of this intent; and (4) acted willfully, that is, with the voluntary intent to violate a known legal duty.  <u>Tenth Circuit Criminal Pattern Jury Instructions</u>.

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of 26 U.S.C. § 7201 is: not more than 60 months imprisonment; not more than a $250,000 fine, or both; not more than three years supervised release; and a $ 100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.  If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country

7

to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the Defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is January 1, 2008.

The parties agree as follows:

1. Defendant was a United States citizen and a resident of the District of Colorado.
2. RHHS, Inc. was a business that provided home healthcare services within the District of Colorado. RHHS, Inc. also did business under the names: Reliable Home Health Services, Reliable Home Health Services, Inc., and Reliable Personal Care, Inc. These business names are collectively referred to herein as "RHHS, Inc." RHHS, Inc. operated from at least April 6, 2005 through December 31, 2013.

8

3. Defendant's mother owned RHHS, Inc. until her death on April 28, 2007. After the death of Defendant's mother, Defendant became the sole shareholder of RHHS, Inc.

4. Defendant issued, or caused to be issued, checks from RHHS, Inc.'s bank accounts to pay for defendant's personal expenses for the purpose of concealing defendant's income from the IRS.

5. Defendant withdrew, or caused to be withdrawn, cash from RHHS, Inc.'s bank accounts to be used to pay defendant's personal expenses.

6. RHHS, Inc.'s accounting records falsely recorded payments for defendant's personal expenses as RHHS, Inc.'s business expenses. The Defendant disputes that she recorded expenses in this manner with the intent to evade taxes.

7. On or about March 22, 2012, Defendant provided her Forms W2 from RHHS, Inc. to her tax return preparer for use in the preparation of her 2008 individual income tax return. Defendant failed to inform her tax return preparer that she used additional RHHS, Inc. funds to pay her personal expenses and thereby failed to report that she had additional income from RHHS, Inc.

8. On or about March 22, 2012, Defendant prepared and caused to be prepared, and signed and caused to be signed, a false and fraudulent United States Individual Income Tax Return, Form 1040, for tax year 2008, which was filed with the Internal Revenue Service.

9. On or about May 27, 2011, Defendant provided her Forms W2 from RHHS, Inc. to her tax return preparer for use in the preparation of her 2009 individual income tax return. Defendant failed to inform her tax return preparer that she used additional

RHHS, Inc. funds to pay her personal expenses and thereby failed to report that she had additional income from RHHS, Inc.

10. On or about May 27, 2011, Defendant prepared and caused to be prepared, and signed and caused to be signed, a false and fraudulent United States Individual Income Tax Return, Form 1040, for tax year 2009 which was filed with the Internal Revenue Service.

11. On or about May 27, 2011, Defendant provided her Forms W2 from RHHS, Inc. to her tax return preparer for use in the preparation of her 2010 individual income tax return. Defendant failed to inform her tax return preparer that she used additional RHHS, Inc. funds to pay her personal expenses and thereby failed to report that she had additional income from RHHS, Inc.

12. On or about May 27, 2011, Defendant prepared and caused to be prepared, and signed and caused to be signed, a false and fraudulent United States Individual Income Tax Return, Form 1040, for tax year 2010, which was filed with the Internal Revenue Service.

13. On or about October 31, 2013, Defendant provided RHHS, Inc.'s records, which showed some of defendant's personal expenses as RHHS, Inc.'s business expenses, to defendant's tax return preparer for use in the preparation of defendant's 2011 individual income tax return. At this time, the Defendant disputes these facts as stated.

14. On or about October 31, 2013, Defendant prepared and caused to be prepared, and signed and caused to be signed, a false and fraudulent United States Individual

Income Tax Return, Form 1040, for tax year 2011, which was filed with the Internal Revenue Service. At this time, the Defendant disputes these facts as stated.

15. During the calendar years 2008, 2009, 2010, and 2011, Defendant was the owner of RHHS, Inc., a corporation not expressly exempt from tax, with offices in Brighton and Denver, Colorado.

16. Defendant was required by law after the close of each calendar year, 2008, 2009, 2010, and 2011, on or before March 15 of 2009, 2010, 2011, and 2012 respectively, to make an income tax return for and on behalf of the corporation RHHS, Inc. to the Internal Revenue Service Center at Denver, Colorado.

17. Defendant knew that she had the legal requirement to file corporate income tax returns for RHHS, Inc. for the 2008, 2009, 2010, and 2011 tax years and willfully failed to file such returns.

18. Defendant has a pending Tax Court case for her individual income taxes. The Tax Court case has been stayed pending the outcome of this criminal matter. The tax, penalty and interest due on her individual income tax for the tax years 2006 through 2007 is approximately $1,355,260.00. A Tax Court case involving RHHS, Inc.'s corporate tax liability for the 2005 through 2007 tax years is also stayed. The parties have not included these amounts in relevant conduct since the Tax Court has not determined the tax due and owing. The defendant disputes the amounts owed in the Tax Court cases, which have been stayed and not finally determined.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to

11

consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters, which are in dispute.

    A.    The base guideline is § 2T4.1(H), with a base offense level of 20.

    B.    There are no conduct related adjustments to the base offense level, thus the adjusted offense level therefore would be 20.

    C.    The parties agree that Michelle Medina is entitled to a two-level reduction for acceptance of responsibility under § 3E1.1(a). The United States has agreed to move for a one-level reduction for timely notification of intent to plead guilty under § 3E1.1(b).

    D.    The resulting offense level therefore would be 17.

    E.    The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the Defendant's criminal history category would be Category I.

    F.    The career offender/criminal livelihood/armed career criminal adjustments do not apply.

  G. The advisory guideline range resulting from these calculations is 24 to 30 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 24 months (bottom of Category I) to 63 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximum applicable to the count of conviction.

  I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $10,000 to $95,000, plus applicable interest and penalties.

  J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than three years.

  K. As agreed to above, restitution in favor of the United States in an amount no less than $550,000.00 and no greater than $901,885.49 is appropriate, as that is the tax loss that resulted from Defendant's admitted conduct.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not

13

adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11/15/17

Michelle Medina
Defendant

Date: 11/15/17

Amanda B. Cruser
Attorney for Defendant

Date: 11/15/17

Kathleen M. Barry
Benjamin J. Weir

15